Hunter Bruce v. The State.

No. 18944.   Delivered May 12, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*W. H. Murchison, Jr.*, of Haskell, and *Martin & Shipman*, of Abilene, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for passing a forged instrument, penalty assessed at confinement in the penitentiary for two years.

Appellant was charged by indictment with passing a forged check in the sum of $10.50 to one Courtney Hunt.

The State's testimony is to the effect that Hunt conducted a business in Haskell, Texas, and had in his employ one F. M. Squires. Hunt returned to his store from supper between seven-thirty and eight o'clock on the night of March 14, 1936, and found the appellant there. Squires informed Hunt that the appellant desired to cash a check. Hunt then interrogated the appellant with reference to his identity. Appellant claimed his name was Patterson and presented a check payable to Roy Patterson. After the conversation, Hunt instructed Squires to cash the check for the appellant. The check was sent to the bank and returned with the notation, "No account."

Appellant did not testify upon the trial but introduced witnesses tending to establish an alibi by showing that he was not and could not have been in Haskell, Texas, at the time the offense is alleged to have been committed. In support of his contention the appellant produced the following agreement:

"It is agreed by the State and the Defendant that the witness, L. R. Bruce would testify, if present on the trial of this case, that on the 14th day of March, A. D. 1936, he was a prisoner in the Taylor County jail; that on said day the defendant called by the jail at about twelve o'clock and talked to him for some five minutes through the windows; that thereafter, about three, sometime between three-thirty and four o'clock, the defendant returned to the jail and had some clothes sent to him, and talked to him once more through the window of the jail; and it is agreed that such testimony is true."

It is admitted that the agreement was made in order to avoid a continuance of the case. In view of the agreement, the State's case depends upon the soundness of its contention that the absence to which the State agreed did not prevent the appearance of the appellant at a time so as to participate in the commission of the offense. The State's Attorney before this court contests the contention that the agreement of the State obviated the proof that the appellant was not in Haskell, Texas, at the time the offense was committed. On that phase of the

case, it was the office of the jury to decide. The matter was presented to the jury and their finding was in favor of the State. The suggestion is made by the State's Attorney that if appellant had made such request, he might have required an instruction to the effect that if the jury believed or had a reasonable doubt as to whether appellant was not in Haskell, Texas, at the time of the commission of the offense, he should be acquitted. There was no such request made, however, and the record, as presented, apparently justifies the finding of the jury.

Bill of Exception No. 1 complains of the action of the District Attorney in asking the appellant's witness, Warner Merritt, on cross-examination, if he had not stated that he and the appellant were both over in Rule the other day, drunk (the day inquired about being long after the one upon which the alleged offense took place). The court qualified the bill with the statement that the witness was not permitted to answer the question, and that the jury was instructed not to consider the question for any purpose. In view of the court's qualification, we think no error is shown.

In Bill of Exception No. 2 complaint is made of the action of the District Attorney in asking the appellant's witness Warner Merritt, on cross-examination, what he had done on the 7th day of March. The court qualified the bill with the statement that the question was propounded for the purpose of testing the memory of the witness. We think no error is presented by the bill.

The evidence is deemed sufficient to support the verdict of the jury.

No error having been presented justifying a reversal, the judgment of the trial court is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case easily differentiates itself from those cited by appellant in his motion, and relied upon in support thereof. The case of Huntly v. State, 34 S. W. Rep., 923, was reversed because of the refusal of a special charge seeking to have submitted to the jury the question as to whether the check in question, in that case, was passed on H or P. H was the cashier who passed on the check, and P was the clerk who sold the goods to the accused. This court held that while the testimony might be sufficient to support a conviction for

passing the check to H, still it was a contested issue, and that the court should have responded to the request and submitted such issue to the jury. No such procedure appears in this case.

The facts are also different. Here we have Hunt, owner of the store, coming down to same, after his clerk had refused to cash the check in question, and after a personal talk with the appellant Hunt became satisfied as to his identity, and instructed the clerk to cash the check. Clearly these facts justified the verdict, based on the passing to Hunt. No requested charge appears in the record, nor was any exception taken to the charge for failure to submit the issue as to whom the check was passed. We see no need for discussing the other cases cited by appellant. His motion for rehearing will be overruled.

*Overruled.*